WILLIAM E. KETCHAM, PLAINTIFF-RESPONDENT, v. CITY OF NEWARK, DEFENDANT-RESPONDENT.

Submitted November 6, 1924—Decided April 13, 1925.

Negligence—Injury to Person Entering Old Newark City Market—Market Conducted by City for Profit—Person Injured by a Fall Over Part of an Iron Gate to One of the Entrances Negligently Out of Order—Judgment for Plaintiff Affirmed.

On appeal from the Essex Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the plaintiff-respondent, *Benjamin M. Weinberg.*

For the defendant-appellant, *Jerome T. Conglelon* and *Charles M. Myers.*

PER CURIAM.

This is defendant's appeal in an accident case, and no disputed question of law is involved. The plaintiff was injured by stumbling over an obstruction at one of the numerous side entrances of the old Newark market, and his claim was based on alleged negligence of the servants of the city in the maintenance of the building, and particularly of the entrance where he was injured. As it was apparently conceded that the municipality was running the market wholly or partly as a business enterprise, the well-settled rule with regard to negligence of municipal agents in the performance of a public duty is not applicable.

The only points argued for the appellant in the brief submitted to us are that the trial court erred in refusing to direct a nonsuit, and further erred in refusing to direct a verdict for the defendant. We fail to see any merit in either point. The old market was a very long and narrow building built over the Morris canal, and had a great number of entrances on both sides leading on the north into a street, and on the south leading to a passageway on the other side of which were the fruit and vegetable stands and other stands of similar character. In each of these doorways or openings, to quote the language of the appellant's brief in stating the evidence for the plaintiff, "there was a pair of lattice or accordion gates about six feet in height and each a little less than three feet in width, one of which was attached to each side of the brick wall surrounding the passageway. At night these gates in each passageway were drawn together and a bar or rod about three feet in length, which was a part of the gate, was used as a runner for the gates to rest upon when the gates were closed. When the gates were open the bar was upright and was fastened to its particular gate by a catch and button." Plaintiff's claim was that the bar or rod used as a runner, as above stated, was resting on the floor; that he did not see it and tripped over it. The evidence further tended to show that the reason that the bar or rod was on the floor was that the catch or button which was intended to hold it in position was out of order, and that a piece of

string had been substituted for the purpose of tying it up into place when not in use, but that something was wrong even with the piece of string, and, as a result, the bar had been allowed to lie on the floor directly across the opening, where people were constantly passing and repassing. Of course, this presented a situation which, as the jury might with entire propriety find, should be discovered and rectified with reasonable promptness. The question, then, as regards negligence of the defendant, would be whether, under the conditions that the jury might find existed in the case, the rule laid down in *Schnatterer* v. *Bamberger*, 81 *N. J. L.* 558, was fairly met. This question we answer, without hesitation, in the affirmative. There was considerable evidence to indicate a general condition of neglect of all these gates, including that in question; that the button catch had been out of order for a long time, and that when the gate got out of order in this way it took a long time to have repairs made, the time being measured in weeks or months. In fact, it seems to have been rather habitual to tie these gates with string instead of attending to the repair of the buttons. One witness testified that the bar had been lying in the position that it occupied when the plaintiff fell over it for fully half an hour before the accident. In such a situation it became a rather dangerous trap, and, apart from the original neglect of the mechanical appliance intended to make it secure, the jury were further entitled to conclude that, permitting a thing of this kind to remain in such a situation even for half an hour, was a negligent act. So far, therefore, as relates to the negligence of the servants of the city, there was clearly a case for the jury. As to contributory negligence, the question is whether the court, on the trial of such an issue, would be in a position to say as a court question that the plaintiff ought to have been watching the steps that he took, to the extent of seeing the bar lying across an opening, which he had the right to assume was clear and unobstructed. We think the question aswers itself.

The judgment is affirmed.