EDNA L. HARPER, RESPONDENT, v. CITY OF EAST ORANGE, APPELLANT.

Submitted May 26, 1928—Decided October 15, 1928.

For the appellant, *Walter C. Ellis.*

For the respondent, *Edward R. McGlynn.*

The opinion of the court was delivered by

CAMPBELL, J. The respondent tripped over a cap on a water service cock in the sidewalk line of a street in East Orange, was injured, brought suit against the city, alleging negligence in its construction and maintenance of the apparatus, and recovered a verdict.

East Orange supplies its inhabitants with water at a price based upon meter consumption.

From the judgment entered upon this verdict the city appeals, urging seven grounds for reversal.

1. Error in refusing to direct a nonsuit because the evidence did not establish ownership or control of the appliance in the city.

We think there were proofs presenting a factual question for the jury to determine whether or not the appliance was installed by the city, and also whether or not it assumed and retained control over it.

2. Error in admitting in evidence the ordinance of 1923 because it was not retroactive.

We think it was retroactive. At least, by its terms, it applies to all curb cocks, &c., irrespective of whether they were installed, prior or subsequent, to its adoption. Irrespective of this, the ordiance of 1910, which was in effect when the service cock in question was installed, provides by section 15, "supply pipes, including curb cocks, shall be put in only by the department," making it quite immaterial, therefore, whether or not the ordinance of 1923 applied, and making its introduction harmless if it did not.

3. Error in permitting the witness Stasse to testify concerning acts of the city's employes a week after the happening. We think there was no prejudicial error in this, because such evidence was relevant and competent in tending to show the exercise of control by the city over the appliance.

4. Error in charging as follows:

"In this action, under certain circumstances, I am going to charge you that the defendant can be held on the same theory, providing you find negligence, and providing other parts of my charge are found to be applicable to certain facts, if you find those facts to exist. I do that because in this instance the city of East Orange operates its own water works by its own water department, attended to the distribution of this water, charged its own price for it and between the main and the house, the main which it owned and the meter which was its property, had a pipe line interrupted by a service

cock for the purpose of turning off or on the water, and exercised the dominion over it that has been indicated, allowing the person who used the water to pay for it. I feel that, under the circumstances which I have indicated, the defendant may be found guilty in this case of negligence. It cannot say, 'we did not own this pipe and you cannot hold us'; that will not excuse it."

We conclude that when this excerpt is read in connection with the balance of the charge it was not a prejudicially erroneous instruction.

5. Error because of refusal to charge request one and two as to contributory negligence.

We find no error resulting from such refusal, because the trial court had fully and correctly charged upon that point.

6. Because the trial court refused to direct a verdict upon the ground that defendant was a municipal corporation engaged in a public duty imposed by law and not for profit. This is without legal substance under the facts as they appear in the present case. *Karpenski* v. *South River,* 83 *N. J. L.* 149; *affirmed,* 85 *Id.* 208; *Ketcham* v. *Newark,* 128 *Atl. Rep.* 579; 3 *N. J. Mis. R.* 399; *Olesiewicz* v. *Camden,* 100 *N. J. L.* 336; *Lehigh Valley* v. *Jersey City,* 103 *Id.* 574; *affirmed,* 104 *Id.* 437.

7. Error in refusing to direct a verdict because it did not appear that a dangerous condition of the appliance had been brought to the attention of the defendant.

Such notice was not necessary. This was not a condition resulting from wear and disrepair, but a condition arising from active wrong-doing and negligent initial construction.

The judgment under review will be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.

*For reversal*—None.