EVA B. ANSBRO AND PETER ANSBRO, APPELLANTS, v. WILLIAM W. WALLACE, RICHARD HEUSER AND THE BOROUGH OF KEYPORT, RESPONDENTS.

Submitted June 6, 1924—Decided October 20, 1924.

On appeal from the Supreme Court.

For the appellants, *Reilly, Quinn & Parsons.*

For the respondent borough of Keyport, *Snyder & Roberts.*

PER CURIAM.

The plaintiff Eva Ansbro instituted this action against William W. Wallace, Richard Heuser and the borough of Keyport to recover damages for injuries occurring to her by tripping over a grade stake placed by Heuser, the borough's engineer, in the sidewalk abutting and located on the property owned by Wallace. The plaintiff Peter Ansbro, husband of Eva, joined her in the suit, claiming damages for money expended for doctor's bills for her on account of the injury, and for deprivation of his wife's services in the household. The case was tried at the Monmouth Circuit before Judge Daly and a jury. At the conclusion of the plaintiffs' case motions for nonsuit were made on behalf of the defendants Wallace and the borough of Keyport, which were granted and judgment entered thereon. There was no motion on behalf of the defendant Heuser. From the judgment mentioned appeal has been taken to this court. The borough of Keyport had adopted an ordinance requiring sidewalks to be laid on Walnut street in that borough. Wallace, a property owner, was notified to construct a sidewalk in front of his premises, but refused to do so. The borough then proceeded to do the work itself and assessed the cost upon the property benefited, under an act concerning municipalities. *Pamph. L.* 1917, *p.* 319, *art.* 25 (at *p.* 411), known as the Home Rule act.

There was but a single issue presented by the pleadings and proofs, and that was as to the liability of the borough for injury directly to Mrs. Ansbro, and indirectly to Mr. Ansbro, in the prosecution of governmental work. The motions for nonsuit on behalf of both defendants were rested upon the ground that the grade stake was placed by the borough's engineer at its direction under authority of the ordinance mentioned, and because an action does not lie at the suit of an individual having suffered special damage, even

from the neglect of a municipal corporation in the performance of a public duty. The judgment of nonsuit was clearly right.

In *Waters* v. *Newark*, 56 *N. J. L.* 361, it was held that the neglect of a municipal corporation to perform, or its negligence in the performance of, a public duty imposed on it by law, is a public wrong to be remedied by indictment, and cannot constitute the basis of a civil action by an individual who has suffered particular damage by reason of such neglect.

The only exception to this rule is where the injury is the result of active wrong-doing chargeable to the municipal corporation. *Hart* v. *Freeholders of Union*, 57 *N. J. L.* 90. The case at bar does not come within the exception. The borough had lawful authority to do the work, and it could not be properly done without setting grade stakes. There was not only no active wrong-doing, but no negligent performance of duties. Negligence in the performance of public duties by municipal agents, or municipalities, entrusted therewith, is not imputable to the municipality. *Paterson* v. *Erie Railroad Co.,* 78 *Id.* 592.

A good illustration of active wrong-doing chargeable to a municipal corporation is to be found in *Kehoe* v. *Rutherford,* 74 *N. J. L.* 659, where the borough of Rutherford by artificial drains diverted surface water from the course it would otherwise take, and cast it in a body large enough to do substantial injury on land where, but for such artificial drains, it would not go.

The latest case in this court directly involving the sort of liability here sought to be imposed on a municipal corporation is that of *Buckalew* v. *Freeholders of Middlesex,* 91 *N. J. L.* 517, where the doctrine of exemption from such liability was followed and applied.

As the plaintiff's injuries did not result from any active wrong-doing of the borough of Keyport, they cannot recover.

The defendant Wallace did not appear on this appeal and contend for affirmance of the judgment of nonsuit in his favor; but the nonsuit as to him is involved in that for the borough. As Wallace owed no duty to the plaintiffs in re-

spect to the matters alleged as cause for action in this case, the nonsuit is as valid as to him as to the borough.

The judgment under review will be affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ. 16.

*For reversal*—None.