NELLIE C. JOHNSON AND JAMES A. L. JOHNSON, RE-
SPONDENTS, v. BOARD OF EDUCATION OF THE CITY
OF WILDWOOD, APPELLANT.

Submitted February 11, 1926—Decided May 17, 1926.

The rule enunciated in *Freeholders* v. *Strader*, 18 *N. J. L.* 108, that
if a municipal corporation owes a duty to the public, a neglect to
perform it, resulting in injury to an individual, does not give a
private right of action to such individual, is applicable to the
case of the wife of the janitor of a public school acting as his
assistant and injured in the performance of his duties by the
collapse of a wall due to the pressure of coal stored behind it.

On appeal from the Supreme Court.

For the appellant, *S. Rusling Leap*.

For the respondents, *Ralph W. Wescott*.

The opinion of the court was delivered by

PARKER, J.    The defendant, board of education, built a
school house for the education of colored children, and em-
ployed the plaintiff James A. L. Johnson as janitor.  By some
express or tacit arrangement he was allowed to substitute
his wife, Nellie C. Johnson, to attend to some of the duties
of janitor, and while she was working as such substitute in
the basement of the building, she sustained personal injury
for which she seeks in this suit to hold the board in dam-
ages, her husband joining his claim *pro quod*.  The com-
plaint charged, and the evidence showed, that the board had
stored a considerable quantity of coal, some sixty tons or
more, in part of the basement for use as needed, and to keep
it in place had caused to be built a wall some twenty-four
feet long, crossing the basement, and some seven feet high
from floor to ceiling beams, behind which wall was piled the
coal to a height in places of six feet.  The complaint charged

negligence in the construction of the wall, which seems to have been only four inches thick, of large hollow slabs of some composition, set on edge and cemented in place; and also negligence in piling such a quantity of coal back of it as would tend to break it down. There was evidence that the wall began to bulge, and that this was observed and reported to the authorities, who had it braced by some inclined braces of ordinary studding. It finally collapsed while Mrs. Johnson was nearby, and she was injured.

At the trial, defendant argued for a nonsuit, and claimed that if Mrs. Johnson was a servant or employe of the board, she was barred of recovering damages by the elective provisions of the Workmen's Compensation act, which, by supplement of 1913 (*Pamph. L., p.* 230), was expressly made applicable to employes of municipalities, including boards of education *eo nomine;* and if not such servant or employe, the defendant, being a public body, owed her no duty beyond that due to the public at large; and that under the rule originally laid down in *Freeholders* v. *Strader,* 18 *N. J. L.* 108, and reiterated in a multitude of later decisions, the board was not liable to her for negligence in either the construction or maintenance of the wall or the storing of the coal. The trial judge took the view that, by accepting the services of Mrs. Johnson, the board was laid under a specific duty of care to see to it that she sustained no injury, and, accordingly, denied the nonsuit, and the trial went on to a verdict and judgment for the plaintiffs.

A number of grounds of appeal are assigned and argued, but it is sufficient to say at this time that the nonsuit ought to have been granted. Since the decision in the Strader case there have been numerous attempts to evade the rule, on the theory that the particular plaintiff was a party to whom some specific duty was owed, but in no reported case, we think, has an exception been made saving that class of cases in which there was a charge of active wrong-doing, as in *Hart* v. *Freeholders,* 57 *N. J. L.* 90 (second count); *Kehoe* v. *Rutherford,* 74 *Id.* 659, and *Jerolaman* v. *Belleville,* 90 *Id.* 206. Previous to the Strader case, it might

have been argued that prisoners in a jail, or the county officials in a court house, are in a class separate from the public, and that to them some special duty is owing; but this very case was instanced by Chief Justice Hornblower in the Strader case (at *p.* 121). The later decisions are all to the same effect. In *Livermore* v. *Camden,* 29 *Id.* 245, plaintiff was a mill owner, whose dam was broken by a defective county bridge, and claimed damages in that right. The court said:

"The whole suit rests upon the obligation to repair the bridge, because it is a part of a public highway. The duty counted upon is a public duty. The plaintiff alleges a private injury, sustained by reason of the neglect of this public duty. It may be that this private injury is of a peculiar character, occasioned by the falling of the bridge upon the dam, instead of that sustained by one in the use of the bridge; but that cannot alter the fact, that the obligation or duty neglected was public, instead of private."

In *Watkins* v. *Freeholders of Atlantic,* 73 *N. J. L.* 213, the plaintiff claimed under a statute providing that no person shall be detained in the county jail as a witness except in certain cases, nor shall persons so detained be kept in the same apartment with or provided with the same fare as persons charged with or convicted of crime. The declaration averred that the plaintiff, having been committed as a witness, was kept in the same apartment with persons charged with crime and provided with only the same fare, and claimed damages by reason of that fact. There was a demurrer to the declaration. On page 215, Mr. Justice Pitney invokes the rule in Freeholders *v.* Strader, and the opinion concludes as follows:

"It is, however, ingeniously argued by counsel for the plaintiff in the present case, that the duty imposed by section 30 of the Criminal Procedure act is not a public duty in the proper sense, but a specific duty owing from the defendant to the plaintiff, it being argued that the statute only relates to a particular class of people—that is, witnesses detained in common jails, from which it is reasoned

that the injury in question was to an individual and not to the public, so that no indictment would lie. In our opinion this argument is not sound. Witnesses detained in common jails are not a class of citizens in any such sense that a duty owing to them may be dealt with as a duty owing to individuals. Any person is liable, under certain circumstances, to be detained as a witness, and the duty of providing for the comfort of persons thus detained is in every proper sense a governmental duty of a purely public nature. For its neglect, therefore, an indictment is the proper remedy, and no private action lies in favor of a person specially damnified, the legislature not having seen fit to confer such right of action by statute.

"The defendant is entitled to judgment on the demurrer."

A case still closer on the facts to the case at bar is *Wild* v. *Paterson*, 47 *N. J. L.* 406. In that case the plaintiff alleged in his declaration that the city maintained a fire department of which he was a member, attached to a certain fire engine, that it was the duty of the city to provide a brake on the engine and keep it in good order; that the defendant failed in that duty, and that plaintiff, while on the way to a fire with the engine, was, by reason of the defective brake, run over and injured. On a demurrer to the declaration the court said:

"The duty of the city of Paterson to maintain a fire department is manifestly a duty owed to the public and imposed by law. Anyone injured by negligence in the performance of that duty will be debarred from action for such injury by the well-settled rule above stated.

"Plaintiff's contention is that his case is exceptional, and not within the rule, upon the ground that the duty of keeping the machinery used for extinguishing fires in good order, is, as respects those who are employed in its use, a private duty, owed, not to the public, but to the employe.

"But the distinction thus sought to be made is, in my judgment, merely specious. * * *

"The duty is single and undivided, and, although the city must perform this duty by means of agents or officers, it

owes to them no special duty, differing either in kind or degree from the duty which it owes to others in this respect. The duty is of a public character, and on grounds of public policy its neglect will not give a right of action to any individual in the absence of a statute. If there are any reasons for a modification of this rule with respect to employes of such corporations engaged in hazardous service, they cannot be considered by the courts. The rule can only be modified by the legislature. In the absence of legislation the plaintiff is within the rule and plainly without a right of action."

The demurrer was sustained. This case has many times been cited with approval in the Supreme Court, and several times in this court. *Jernee* v. *Monmouth,* 52 *N. J. L.* 553, 555; *Palerson* v. *Erie Railroad Co.,* 78 *Id.* 592, 593; *Bisbing* v. *Asbury Park,* 80 *Id.* 416, 418.

We conceive that the duty owing by the board to the plaintiff as assistant to her husband is no greater than, or different from, that owing to any one of the children attending the school as respects the parts of the premises that they were entitled to use; and in this aspect the Supreme Court of Massachusetts has spoken in two carefully-considered cases. The first is *Bigelow* v. *Randolph,* 14 *Gray* 541, in which one of the children fell into an excavation on the school premises. The opinion concludes thus:

"The question, then, is, whether the defendants are answerable, on the facts in this case, for the special injury sustained by the plaintiff through their neglect to provide a safe place for her attendance at school. We are of the opinion that they are not. The wrong which the facts show is not malfeasance, but mere neglect of that kind of corporate duty, for the neglect of which, as we have seen, a town is liable to a private action only when it is given by statute."

The second case, in which the reasoning is to the same effect, is *Hill* v. *Boston,* 122 *Mass.* 344, in which the facts were that plaintiff, a pupil attending school, fell over a defectively constructed staircase railing. The Strader case is referred to with approval. Hill *v.* Boston was itself cited with approval in *Little* v. *Dusenberry,* 46 *N. J. L.* 614, 636,

and *Jersey City* v. *Kiernan,* 50 *Id.* 246, 251. It is on this last case that the trial judge seems to have relied in refusing a nonsuit. The rule laid down in that case is that where the municipality negligently constructed a sewer, whereby it broke and overflowed the plaintiff's land, the municipality was not liable because of the break; but having failed to repair it within a reasonable time, became the doer of a private injury for which recovery might be had. So far as applicable on this phase, the case is in line with those above cited. The court below, in the present case, undertook to apply the rule that, where an indictment would not lie, a private action is maintainable, but, we think, applied it wrongly. The misfeasance for which an indictment lies in cases of this class is, fundamentally, not so much the accident itself as the general negligence out of which grew the accident. So, in the case at bar, if the board negligently built a defective wall, liable to break and do injury, it was indictable for that, whether the wall broke or not, or whether someone was injured or not; whereas, the accident to plaintiff was only a special injury arising out of the act of public negligence in building a bad wall whereby any member of the public might be injured.

The judgment will be reversed, to the end that a *venire de novo* issue.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ. 12.