WILLIAM L. LIMING, PLAINTIFF, v. JOSEPH HOLMAN, IN A REPRESENTATIVE CAPACITY AS THE SHERIFF OF THE COUNTY OF OCEAN; ULYSSES· S. GRANT, HOWARD APPLEGATE AND ROSS MATHIS, IN THEIR REPRESENTATIVE CAPACITY AS THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF OCEAN, AND THE COUNTY OF OCEAN, DEFENDANTS.

Decided April 26, 1932.

For the motion, *Wilfred II. Jayne, Jr.*

Opposed, *Morton S. Steinberg.*

LAWRENCE, S. C. C.   This is a motion to strike an original and an amended complaint, as filed in this suit, on the general ground that in neither aspect does it set forth a cause of action.   Since I conclude that this is so, it is not found necessary to consider the question also raised as to the improper designation of certain of the defendants as individuals rather than the corporate body sought to be involved by proper legal title, of which they are said to have been members at the time of the incident which gives rise to the action.

Briefly summarized, it may be said that the complaint alleges that the county of Ocean maintains a common jail for the confinement and care of prisoners; that on November 1st, 1927, defendant Holman as sheriff of the county had the custody of the jail and the control of the prisoners confined therein, and, with the approval of the board of chosen freeholders, appointed plaintiff a keeper at a stated salary; that plaintiff assumed the duties usually performed by a warden or keeper of a jail, and, on September 1st, 1929, as he locked a door to one of the corridors where prisoners were allowed to be during the daytime, one of them, in an attempt to escape, broke through the door, "rushed" plaintiff, forcibly threw him to the floor and kicked, beat and maltreated him, rendering him unconscious and injuring him.   He accordingly seeks money damages upon the theory that the sheriff owed him the duty of providing additional assistance for his protection and safety and the board of chosen freeholders to provide a proper and "modern" lock upon the door which would have held it against such an attack as occurred, in both of

which respects it is claimed defendants negligently failed, in that no proper assistance was furnished and the lock had been allowed to become worn and ineffective for the purpose intended, thus creating what is termed a common law nuisance.

It is urged in support of the motion that the allegations of the complaint disclose no negligence on the part of the defendants which can reasonably be said to have been the proximate cause of the injury sustained by plaintiff, as it obviously was due to the willful act of the prisoner; while the recognized rule exempts public corporations and officials from liability to any individual who receives an injury in consequence of any alleged negligence in the performance of governmental duties. Inasmuch, therefore, as the care and maintenance of prisoners in a county jail, as well as the maintenance of a building for use as such, are said to be governmental services and duties to be performed by public officials, it is argued that the negligent performance thereof is a breach of a public duty, for which no private action accrues to an individual who sustains an injury resulting therefrom, unless by statutory sanction. That this is a correct exposition of the rule applicable to the state of facts set down in the present complaint is indicated in such cases as *The Freeholders of Sussex* v. *Strader,* 18 *N. J. L.* 108; *Wild* v. *Paterson,* 47 *Id.* 406; 1 *Atl. Rep.* 490; *Watkins* v. *Freeholders of Atlantic,* 73 *N. J. L.* 213; 62 *Atl. Rep.* 1134; *Freeholders of Hudson* v. *Kaiser,* 75 *N. J. L.* 9; 69 *Atl. Rep.* 25; *Bisbing* v. *Asbury Park,* 80 *N. J. L.* 416; 78 *Atl. Rep.* 156; *Buckalew* v. *Freeholders of Middlesex,* 91 *N. J. L.* 517; 104 *Atl. Rep.* 308, and *Johnson* v. *Board of Education of Wildwood,* 102 *N. J. L.* 606; 133 *Atl. Rep.* 301. It is also to be said that the case as stated does not come within the exception to the general rule pointed out in *Hart* v. *Freeholders of Union,* 57 *N. J. L.* 90; 29 *Atl. Rep.* 490, or *Ansbro* v. *Wallace,* 100 *N. J. L.* 391; 126 *Atl. Rep.* 426. Since the complaint does not set forth a legal cause of action against the defendants, the motion to strike will be granted.