ALEXANDER KARPENSKI, BY JOSEPH KARPENSKI, HIS NEXT FRIEND, v. THE BOROUGH OF SOUTH RIVER, AN INCORPORATED BOROUGH.

Argued February 23, 1912—Decided June 10, 1912.

For the negligent operation of a lighting plant, resulting in injuries to a private person, an action will lie for the recovery of damages against a borough maintaining and operating such plant for supplying light for private use for gain and profit, under the permission to conduct the same given by "A general act relating to boroughs" (Revision of 1897). *Comp. Stat., p.* 226, §§ 28, 31.

On demurrer and motion to strike out declaration.

Before Justices BERGEN, VOORHEES and KALISCH.

For the demurrant, *George S. Silzer* and *John A. Coan.*

For the plaintiff, *Jeremiah A. Kiernan.*

The opinion of the court was delivered by

VOORHEES, J. The plaintiff, an infant, was injured by coming in contact with a live wire maintained by the defendant in its electric lighting system used for public and private lighting, and brings this action to recover damages for the alleged negligence of the defendant.

The defendant has not only demurred to the declaration, but has moved to strike it out under the one hundred and tenth section of the Practice act, upon the ground that it alleges the next friend of the infant to be the plaintiff, and concludes to the damage of the next friend and not of the infant, and that it is redundant and prolix, setting up matters not a part of the plaintiff's cause of action.

The declaration, in its commencement, contains the following language: "The defendant is summoned to answer unto Alexander Karpenski, by Joseph Karpenski, his next friend, in an action, &c. * * * and thereupon the said Alexan-

der Karpenski, by Joseph Karpenski, his next friend, the plaintiff by J. A. K., attorney of said plaintiff, complains," &c.

It is not perceived that these sentences describe Joseph as the plaintiff. In the face of the specific associated statement that "the said Alexander being an infant * * * his father, Joseph, has been appointed to prosecute," &c., no confusion can arise, in the proper construction of the phrases complained of.

Nor is the conclusion defective. It is thus framed: "Wherefore the said Alexander, by Joseph, his next friend, the plaintiff herein through their attorney of record say that the said Alexander has been injured * * * and that an action hath accrued to said Alexander," &c. By a fair construction "Alexander" and "the plaintiff" are in apposition. On this point *Blonski* v. *American Enameled Brick and Tile Co.,* 43 *Vroom* 409, is not parallel, where the conclusion was "to the damage of the said plaintiff as guardian and next friend," &c. In these particulars the declaration is not irregular and defective, and so framed that it will embarrass the defendant upon the trial of the action.

The remaining ground of this motion proceeds upon the theory that the declaration is redundant and prolix. It may be admitted that it might be compressed into smaller compass, but the authority to strike out is based upon irregularity or the defective character of the pleading, or when it delays or embarrasses a fair trial. Length and minuteness of statement generally are not bases for such action.

The suit is against the borough and is for injuries happening to the infant, while walking upon a public street, by his coming in contact with an electric light wire maintained by the borough for the purpose of public and private lighting, which was negligently allowed to hang in Whitehead avenue, from the borough's pole close to the ground, charged with a deadly current.

The declaration sets up that the borough was incorporated and became possessed of certain powers and rights over the streets; that it had an optional power to erect a plant and supply electric light for public and private use; that it took

proceedings by its council to authorize, by ordinances, the erection of a plant, and the purchase of a current to supply not only public but private lighting, and to enter into a contract for the current; that the council had power to fix the rates and prices for the light, and erected a plant; that they had a transformer house on the causeway, within the confines of said borough, and were in the actual charge and control of the wires and appliances running through the borough; that they designated the location of the poles and especially those on Whitehead avenue, where the accident occurred; that they appointed electricians and agents, not statutory, and that the borough entered in and upon the business of conducting an electric lighting plant for pecuniary profit.

It is further stated that the defendant solicited patronage and actually supplied current, measuring the same by meters which were regularly inspected, and that bills for the same were presented to the consumers at rates prescribed, and received money from such customers in large amounts in payment for the current furnished and by it ran its plant for gain and profit.

The pleading, while quite inartistically drawn, unmistakably sets out the ground of action, and the pith of it is readily extracted. The averment of a duty does not aid the pleading, but may be treated as surplusage. The motion to strike out will be refused.

This brings us to a consideration of the demurrer which is principally directed to the fact that the acts of the borough which are alleged to have been negligently performed are acts of a public and governmental nature for which no action can be maintained, and that, although the acts are optional which the statute, "A general act relating to boroughs" (Revision of 1897, *Comp. Stat., p.* 226), has permitted.

The operation of an electric lighting plant for the furnishing of light to private consumers for gain cannot, in any sense, be the performance of a governmental function. Under a somewhat similar statute in England for the supplying of gas to a city, it was so held in *Scott* v. *Mayor of Manchester,* 1 *H. & N.* 59; *S. C. on appeal,* 2 *Id.* 204, where a judg-

ment for the plaintiff was sustained. Several cases bearing upon this subject may be found cited in *Bisbing* v. *Asbury Park*, 51 *Vroom* 416.

The demurrer will be overruled, and judgment entered thereon for the plaintiff.