SAMUEL B. GARRISON, RESPONDENT, v. THE BOROUGH
OF FORT LEE, APPELLANT.

Submitted December 9, 1918—Decided March 3, 1919.

1.  The exemption of a municipal corporation from actions by in-
    dividuals suffering special damage from its neglect to perform or
    its negligence in performing public duties, whereby a public
    wrong is done for which an indictment will lie, does not extend
    to actions where the injury is the result of active wrong-doing
    chargeable to the corporation.

2.  An action will lie against a municipal corporation that designedly
    built and constructed its sanitary sewer with outlets into its
    storm water drain, which latter empties into a brook at the
    head of plaintiff's pond (which was theretofore pure), so that
    such construction and use resulted in the daily and continuous
    pollution of the plaintiff's pond to his injury.

3.  Rule 67 of Practice act of 1912 (*Pamph. L.*, *p.* 396) providing
    that "where damages are to be determined in respect to any
    continuing cause of action, they shall be determined to the time
    of the assessment or trial," is applicable to an action for damages
    for loss of ice caused by the pollution of the ice pond through
    the daily and continuous discharge of sewage into the pond from
    the defendant's sanitary sewer system, and shown to have per-
    sisted to the time of trial.

4.  One rightfully in possession of a fresh water pond under a con-
    tract to purchase the soil of the pond, and consequently the
    waters thereof, may maintain an action for pollution of the pond.

On appeal from the Supreme Court.

For the appellant, *William J. Morrison, Jr.*

For the respondent, *William B. Gourley.*

The opinion of the court was delivered by

Trenchard, J.    Samuel B. Garrison brought this action
against the Borough of Fort Lee to recover damages sustained
by reason of the pollution of his fresh water ice pond, by
sewage from the borough, to such a degree as to render the
ice unfit for use.

The trial, at the Bergen Circuit, resulted in a verdict for the plaintiff and the defendant appeals from the consequent judgment.

We are of the opinion that the judgment must be affirmed.

We think there is no merit in the first point, which is that a verdict should have been directed in favor of the defendant, "because an action will not lie against a municipality in a case of this nature."

It appears that the plaintiff's pond was polluted because of sewage discharged from a sanitary sewer into a storm water drain (both of which had been constructed by the defendant) and thence into Crystal brook, which fed the plaintiff's pond. This was admitted, or at least, was undisputed.

The contention of the defendant is that at most the evidence disclosed that the "plaintiff's damage resulted from negligence on the part of the borough in performing its duty to keep the sewer in repair or proper operation." Of course if that, and that only, appeared, the case would call for the application of the rule that an action will not lie in behalf of an individual who has sustained special damage from the neglect of a public corporation to perform a public duty. *Pray* v. *Jersey City,* 32 *N. J. L.* 394; *Kehoe* v. *Rutherford,* 74 *Id.* 659. No doubt the jury might have so found the facts if they had seen fit. But it was also open to the jury to find from the evidence that the plaintiff's injury was the result of active wrong-doing in the construction and use of the sewer. And the rule is that the exemption of a municipal corporation from actions by individuals suffering special damage from its neglect to perform or its negligence in performing public duties, whereby a public wrong is done for which an indictment will lie, does not extend to actions where the injury is the result of active wrong-doing chargeable to the corporation. *Kehoe* v. *Rutherford, supra.* Whatever else the evidence in the present case justified the jury in finding, it amply justified them in finding, if they saw fit, that the defendant designedly built and constructed its sanitary sewer with many outlets into its storm-water drain, which latter emptied into the brook at the head of plaintiff's pond (which

was theretofore pure), and that such construction and use resulted in the daily and continuous pollution of the plaintiff's pond to his serious injury. Clearly for such active wrongdoing the plaintiff was entitled to recover.

The next contention is that "the respondent should not have been permitted to adduce evidence of damages sustained by the loss of the 1917-1918 ice crop."

We find no merit in this. Rule 67 of Practice act of 1912 (*Pamph. L., p.* 396) provides that "where damages are to be determined in respect of any continuing cause of action, they shall be determined to the time of the assessment or trial." The complaint as it stood at the time of trial (March 11th, 1918), not only claimed damages for loss of ice because of pollution up to the time of the commencement of the action (July, 1917), but averred, in effect, that ice formed on the pond thereafter would continue to be unfit for use so long as the pollution continued, and concluded with the statement that "this being a continuing cause of action the damages will be claimed to the time of trial." Since the evidence tended to show daily and continuous pollution to the time of trial, it follows that rule 67 applied, and evidence of damages sustained by the loss of "1917-1918 ice crop" was proper.

It is next argued that the plaintiff could not recover because "he was not the owner of the pond at the time his suit was brought," but we think that contention is ill-founded in law.

It appeared, and was undisputed, that the plaintiff was rightfully in possession of the pond under a contract to purchase the soil of the pond, and consequently the waters thereof. He could, therefore, maintain an action for pollution of the pond. *Todd* v. *Jackson,* 26 *N. J. L.* 525; *Freeman* v. *Headley,* 33 *Id.* 523; *Cobb* v. *Davenport,* 32 *Id.* 369.

The last contention is that "illegal evidence was admitted at the trial." With respect to that it is sufficient to say that, in view of the issues involved, the evidence complained of was properly admitted.

The judgment below will be affirmed, with costs.

