GEORGE COCHRAN, Jr., APPELLANT, v. PUBLIC SERVICE ELECTRIC COMPANY, RESPONDENT.

Argued March 8, 1922—Decided June 19, 1922.

A liability in tort may arise out of a contract, but when the only complaint is of a failure to perform a contract, the right of action is a right of the promisee under the contract unless it clearly appears that the parties intended that a third party should have a right of action on the contract.

On appeal from the Supreme Court.

For the appellant, *James J. McGoogan.*

For the respondent, *Lefferts S. Hoffman.*

The opinion of the court was delivered by

SWAYZE, J.  The plaintiff was injured while driving a truck from Trenton to New York. The accident happened about four-thirty A. M., July 19th, at the corner of Clinton avenue and a street in Newark. At this point there was in Clinton avenue a safety isle with upright standards for electric lights which the defendant was under contract with the city to light from dusk to dawn. There is a question as to whether half-past four on July 19th was before or after dawn. It depends perhaps on whether standard time or daylight saving time is meant. It is not necessary to determine the fact. The case must be decided on broader grounds.

It is governed by our decision in *Styles* v. *Long Co.,* 70 *N. J. L.* 301. The safety isle constituted such an obstruction that if it was not properly lighted it might become a nuisance and although this nuisance would be due to the negligence of the city in failing to light the obstruction it had created, the city would not escape liability under the rule of *Freeholders of Sussex* v. *Strader,* 18 *Id.* 108, but would be liable for positive misfeasance as in *Hart* v. *Freeholders of Union,*

57 *Id.* 90. The primary duty to light was a duty of the city to prevent its own action from being a nuisance, and as this duty intervened between the alleged negligence of the electric light company (which consisted solely in failure to perform a contract with the city) and the accident, that company could not be liable.

A liability in tort may arise out of a contract, as for instance where a railroad company contracts with a parent to transport minor children; if the children are injured by the negligence of the railroad company that company is liable. But when the only complaint is of a failure to perform a contract, as in the present case, the right of action is a right of the promisee under the contract unless it clearly appears that the parties intended that a third party should have a right of action on the contract. In determining whether it was meant to give a third party that right an important consideration is that in a contract the parties select for themselves to whom they will incur liability; in a tort there is a general liability to anyone to whom a duty may be owing who may be injured. Whether there is a breach of contract and a right of action in a third party is a question of intent. Whether there is right of action in tort depends on whether there is a duty to the plaintiff which the defendant has violated. In the present case the electric light company, by its own consent, became liable for breach of its contract with the city of Newark, but it did not incur liability for a tort committed by the city of Newark to the injury of one to whom the electric light company owed no immediate duty. If an action were permitted where there was no duty and no contractual relation, such an action might be brought by a stranger, as it is brought in this case by a resident of Trenton, and the conduct of the action might be taken from the city of Newark, with whom the contract was made. Its rights might be foreclosed by a judgment in favor of or against the electric light company to which the city of Newark was not a party. In this respect the case is within the rule of *Hall* v. *Passaic Water Co.,* 83 *N. J. L.* 771, and *Baum* v. *Somerville Water Co.,* 84 *Id.* 611.

We think there is no right of action in this case in favor of the plaintiff and the judgment must be affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ.    16.

*For reversal*—None.