MURRAY RUBBER COMPANY, PLAINTIFF, v. CITY OF TRENTON AND COUNTY OF MERCER, DEFENDANTS.

Submitted May 14, 1926—Decided December 23, 1926.

1. At common law there was no duty resting upon a municipality to invade a stream running through the corporate limits and clean it out or to prevent obstructions accumulating in it.

2. While a city has, for certain purposes, jurisdiction over the entire territory within its corporate limits, including streams of water, and, as incident to that jurisdiction, certain control vested in it by the legislature, this does not imply that it has the right to invade a stream, presumably owned by individuals, for the purpose of cleaning or removing obstructions.

3. For mere neglect of duty by a municipality no liability attaches unless such liability has been created by the legislature.

4. No cause of action is disclosed in a complaint which charges a municipality with having constructed artificial drains, whereby surface water which otherwise would flow into a stream directly are now carried through such conduits into the stream, and also by the construction of hard streets has caused waters to flow through such created channels that might otherwise not have gone into the stream.

5. A motion to strike out a complaint, on the ground that it discloses no cause of action, is sufficiently broad to permit the court to deal with the case on the ground of misjoinder of parties.

On motion to strike out complaint.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the plaintiff, *James J. McGoogan.*

For the defendant city of Trenton, *Charles E. Bird.*

For the defendant county of Mercer, *Frederic R. Brace.*

The opinion of the court was delivered by

LLOYD. J.   The plaintiff brought suit against the city of Trenton and the county of Mercer to recover damages alleged to have been suffered by reason of injury to the plaintiff's property caused by the overflow of Assunpink creek, which runs through both municipalities; such overflow being due to negligence or wrongful act.

The complaint is in two counts, one against the city and the other against the county. The grounds fairly summarized upon which the recovery is sought are that both the city of Trenton and the county of Mercer were under a duty to remove artificial obstructions from the creek, which they failed to do; to prevent diversion of surface waters from the streets, thoroughfares and other places, which they failed to do; that both the city of Trenton and the county of Mercer negligently and unlawfully caused the diversion of surface waters from their natural channels by constructing artificial drains

and hard surfaced street pavements causing larger quantities of water to flow into the stream than otherwise would, and finally that the county of Mercer so constructed and maintained certain of its bridges over the stream as to prevent the flowage of water at natural level and, consequently, backing up and overflowing plaintiff's land.

It will be observed that in both counts as to the acts of omission there is an assumption by the plaintiff that there is a duty resting upon the municipality respecting the protection of the plaintiff's property from damage by reason of obstructions in the stream. This assumption we think is not well founded. Certainly, at common law, there was no duty resting upon either municipality to invade the stream in question and clean it out or to prevent obstructions accumulating in it. The averment of a control and jurisdiction in the first paragraph of the first count does not, as we think, imply such duty. The words themselves are but a conclusion at best and without meaning as applied to the present situation. It is, of course, true that the city has for certain purposes jurisdiction over the entire territory within its corporate limits, including streams of water, and as incident to that jurisdiction certain control vested in it by the legislature. This by no means, however, implies that the city either owns or has the right to enter upon the stream in question. Presumably, it is a body of water covering lands owned by individuals as to which there would be no right of invasion for purposes of cleaning or removing obstructions. For the city to have gone upon the stream for such purpose would have been in clear violation of the rights of the owners. *Bailey* v. *Osborne,* 80 *N. J. L.* 334, wherein it was said of a similar contention that "the entry upon the lands for the purpose of cleaning out the ditch and throwing the refuse upon the plaintiff's land was itself a trespass," unless in some way authority to that end has been conferred by the legislature. In its brief the plaintiff contends that such legislative authority does exist in the act of 1910 (*Comp. Stat.,* p. 3722); in the act of 1917 (*Comp. Stat.,* p. 2195), and in the act of 1925 (*Comp. Stat.,* p. 2354).

None of these we think avail the plaintiff. The first deals with the failure of one municipality to keep open its gutters, drains and ditches so that the residents of an adjoining municipality may not be injured, and provides that the facts shall be ascertained by a commision appointed for that purpose; and further, that if such municipality, after a finding against it by such commission, shall willfully refuse or neglect, &c., it shall be liable to any landowner in the other municipality for any damages sustained. Obviously, this cannot be of the slightest support to the plaintiff's contention. The act of 1917 authorizes the widening, deepening or improving of any stream, creek, run or other waterway, and the act of 1910 authorizes any county or city to keep open any streams within its limits. These acts are permissive only, and appear to be so conceded to be by the plaintiff in the absence of the adoption of the necessary steps set forth in these acts. The authority they confer has never been exercised and there is no contention in the present case that the city or county has availed itself of their provisions.

So much for authority, either at common law or legislative, upon the right of the city to invade the stream in question for the purpose of removing refuse and other materials as set forth in the complaint.

There is, however, an inherent difficulty as to this phase of the charge, in that, at most, such failure would be a mere neglect of duty, and not an affirmative act of wrong-doing such as is illustrated in the cases of *Hart* v. *Freeholders,* 57 *N. J. L.* 90; *Kehoe* v. *Rutherford,* 74 *Id.* 659; *Olesiewicz* v. *Camden,* 100 *Id.* 336. For mere neglect of duty by a municipality no liability attaches unless such liability has been created by the legislature. What has been said above applies equally to those phases of both counts.

Turning to the alleged affirmative acts of wrong-doing by both defendants we think that the plaintiff has not stated a cause of action. In substance, the charge is that the city and the county have constructed artificial conduits, and that the surface waters which would otherwise flow into the stream directly are now carried through such conduits into the

stream; and also by the construction of hard surfaced streets has caused waters to flow through such created channels that otherwise might not have gone into the creek. This latter is obviously intended to embody waters that without hard surfaces might seep into the ground, and to charge that they have been added ultimately to the body of the stream. We think these questions are set at rest adversely to the plaintiff. *Town of Union* v. *Durkes,* 38 *N. J. L.* 21; *Miller* v. *Morristown,* 47 *N. J. Eq.* 62; *Jessup* v. *Bamford,* 66 *N. J. L.* 641.

What has been said covers all phases of the two counts excepting only the allegation in the second count respecting the negligent construction and maintenance of certain bridges by the county so as to prevent the flowage of water into the stream at natural level. This alleged trespass is averred for the first time in the second count and against the county alone. It appears to be in nowise, if it be true, an act in which the city has shared. The joinder of the defendants for such purpose is not authorized at common law, nor is it authorized by the Practice act of 1912. There is nothing in common to the two municipalities in this phase of the complaint. The case of *Murphy* v. *Patten,* 85 *Atl. Rep.* 56, is authority for the proposition that a motion to strike out a complaint on the ground that it discloses no cause of action is sufficiently broad to permit the court to deal with the case on the ground of misjoinder of parties, if, indeed, the court has not the power on its own initiative to prevent the misuse of its process.

Standing alone, we are not prepared to say that the negligent construction and maintenance of its bridges by the county in such fashion as to impede the flow of water and cause its damming on the plaintiff's land does not create a cause of action. The case has not been tried, however, and it is desirable that it should be transmitted for trial in such form and with such parties as may be lawfully joined and those only.

The motion to strike out the eighth paragraph of the second count will be granted with leave to the plaintiff to proceed against the county alone upon an amended complaint; and all other parts of both counts will be stricken out.