JULIA E. ZBOYAN AND JULIUS, HER HUSBAND, APPELLANTS, v. THE CITY OF NEWARK, RESPONDENT.

Submitted October 14, 1927—Decided January 30, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the appellants, *Hugo Woerner.*

For the respondent, *Charles S. Gray.*

The opinion of the court was delivered by

PARKER, J. The female plaintiff sustained personal injury while marketing in the old city market of Newark (now demolished) by the breaking of a skylight under which she was standing, and the fall upon her head of snow and ice, and some of the glass of the skylight. She brought this suit against the city as for negligence, before the Circuit Court

and a jury, her husband joining his claim for damages *per quod*. The trial court directed a nonsuit, and this judicial action is the subject of the appeal.

There was no question about the plaintiff being where she was by invitation. The market was like any other public market, containing stands at which tenants of the city sold their wares, and Mrs. Zboyan was there marketing in the course of her household duties. Her legal status was clear.

The city owed her a duty of care. It conducted the market as a public market, it is true, but on a mercantile or *quasi*-mercantile basis, leasing stands to tenants at stipulated rents through an official called a market clerk, and placing the rentals in the city treasury. The case is therefore not within the rule in *Freeholders* v. *Strader*, 18 *N. J. L.* 108, but rather controlled by such cases as *Karpinski* v. *South River*, 83 *Id.* 149; S. C. in Court of Errors and Appeals, 85 *Id.* 208, and *Olesiewicz* v. *Camden*, 100 *Id.* 336. With respect to this very market, the latter rule was alluded to in the *per curiam* opinion of this court in *Ketcham* v. *Newark*, 3 *N. J. Mis. R.* 399; 128 *Atl. Rep.* 579. In the case *sub judice* it is not suggested that any other rule is applicable.

The real question, then, is whether there is anything in the case from which a jury might infer negligence. The trial judge correctly assumed that plaintiff was there by invitation, and that the city owed her a duty of care; but he was unable, apparently, to find any evidence of a breach of that duty, and remarked, in nonsuiting: "In the absence of any proof of the falling of this glass I will grant the motion."

We think the nonsuit was error, and that the error lay in failing to give proper effect to the maxim *res ipsa loquitur*. A skylight is a part of a roof, and like the roof, is expected normally to bear not only its own weight, but any superadded weight of snow and ice that will settle upon it under ordinary meteorological conditions obtaining in the particular locality. No reason was apparent for the breaking down of four panes of this skylight, as the evidence tended to show, except its own weight and the comparatively moderate added weight of not over six inches of snow which had accumulated during the preceding three or four days. A jury might well

say that a skylight which breaks down under that weight in our climate is defective and if it falls, gives evidence of negligence which puts the defendant to his proof.

It is true that on the plaintiffs' own case the assistant market clerk testified that he had inspected this skylight every day, and that "up to that time this pane of glass [he said there was only one pane] had been all right." What sort of an inspection he made does not appear. It was not suggested that as assistant market clerk he had gone up on the roof at any time, or indeed given more than a passing glance at the skylight from below. How many other skylights there were to inspect also does not appear.

As we view this aspect of the case, it is indistinguishable in principle from the recent decision of the Court of Errors and Appeals in *Law* v. *Morris*, 102 *N. J. L.* 650, in which a ceiling fell, and this was held to make a case for the jury even after both sides had been fully heard. The fact that in the present case the skylight was loaded with snow is a distinction without a difference; the requirements in the two cases are the same.

The judgment is reversed to the end that a *venire de novo* issue.