JAMES CALLAN, ADMINISTRATOR AD PROSEQUENDUM OF JAMES CALLAN, DECEASED, RESPONDENT, v. CITY OF PASSAIC, APPELLANT.

Submitted February 17, 1928—Decided May 14, 1928.

644

───── o

For the appellant, *Joseph J. Weinberger*.

For the respondent, *William B. Gourley*.

The opinion of the court was delivered by

HETFIELD, J. This is an appeal from a judgment of the Passaic County Circuit Court, for one thousand ($1,000) dollars, entered upon a verdict for the plaintiff below, who brought the action as administrator *ad prosequendum* of James Callan, deceased, against the city of Passaic. The facts, which are not disputed to any extent, show that the plaintiff's intestate, a young boy seven years of age, was drowned in a catch-basin, constructed and maintained by the defendant, for the reception of storm water. It was located at the curb line on the northerly side of Gregory avenue. The accident happened during daylight, about seven o'clock P. M., standard time, on July 29th, 1925. The deceased was playing with other boys, when he was told by Fred Callan, an older brother, to go home, which he refused to do, and attempted to hide from his brother, Fred, by getting down on his stomach in the street, and crawling backwards into one of the openings in the catch-basin, entering feet first, and while so doing, his head struck the top of the opening, and he dropped into the basin. The basin had two openings to receive surface water. The one entered by the deceased was on the westerly side, and was approximately eleven inches in height and twenty-two inches in width, and had no bars or guards across it. The basin, which had been in general use

for some twenty years, was so located that it received a large volume of surface water from a steep grade. It was about nine feet deep, and contained five feet of water at the time of the accident.

There are several grounds of appeal urged for reversal, one of which is based upon the refusal of the trial judge to direct a verdict for the defendant; and as we are of the opinion that it was error to deny the motion for a direction, it is only necessary to consider this one ground of appeal. At the close of the whole case, there does not appear to have been any evidence, before the trial court, which would justify the inference that the death of the child resulted from active wrong-doing, chargeable to the municipality; consequently, the case was not within the authorities which hold municipal corporations liable for damages to those receiving injuries from the active wrong-doing of their agents; and for this reason, there was no question of fact to be transferred to the jury for its consideration.

It appears from the evidence that the construction of the catch-basin was a public necessity, by reason of the large volume of surface water to be disposed of, and by erecting and maintaining it, the defendant was discharging a duty imposed solely for the public benefit, and was performing a public service in which it had no particular interest, and from which it derived no special benefit or advantage in its corporate capacity.

It is, and has long been, settled by the courts in this state that in the absence of a statutory provision a municipal corporation charged with the performance of a public duty is not liable to an individual for neglect to perform it, or negligence in the performance of such duty, whereby a public wrong has been done for which indictment will lie, although such individual has suffered special damage. *Board of Freeholders of Sussex* v. *Strader,* 18 *N. J. L.* 108; *Cooley* v. *Freeholders of Essex,* 27 *Id.* 415; *Hart* v. *Freeholders of Union,* 57 *Id.* 90; *Kehoe* v. *Rutherford,* 74 *Id.* 659; *Doran* v. *Asbury Park,* 91 *Id.* 651; *Olesiewicz* v. *Camden,* 100 *Id.* 336. In *Waters* v. *Newark,* 56 *Id.* 361, it was held as follows: "The neglect of a municipal corporation to perform

or its negligence in the performance of a public duty imposed on it by law is a public wrong to be remedied by indictment, and cannot constitute the basis of a civil action by an individual who has suffered particular damage by reason of such neglect." The exemption of the municipality as above set forth does not, however, extend to actions where the injury complained of is the result of active wrong-doing chargeable to the municipality. *Hart* v. *Freeholders, supra.*

In the case at bar, the plaintiff's intestate did not accidentally fall into the basin, but entered it intentionally, for the purpose of hiding from his brother; and the failure of the defendant to guard against an accident of this character, which would not suggest itself to prudent men as likely to occur, does not, in our opinion, constitute an active wrong-doing; and if any common or public nuisance existed, resulting in the injuries complained of, it was caused by the defendant's neglect of or negligence in performing a public duty, and not by its active wrong-doing. Hence, the remedy would be by indictment.

The plaintiff, however, seeks to bring the present case within the exception to the general rule, and argues that the conduct of the municipality in constructing the catch-basin, and allowing it to remain in use over a long period of years, with an opening having no bars across it, and large enough to permit a person, if he so desired, to deliberately crawl into the basin, amounts to active wrong-doing, and cites, in support of his contention, the cases of *Hart* v. *Freeholders of Union, supra; Kehoe* v. *Rutherford, supra; Bailley* v. *Osborn,* 80 *N. J. L.* 333. The doctrine of the cases so cited does not aid the plaintiff, but reaffirms the well-settled legal principle as above pointed out. In *Kehoe* v. *Rutherford, supra,* where the borough of Rutherford, by artificial drains, diverted surface water from the course it would otherwise take, and cast it in a body large enough to do substantial injury on land, where, but for such artificial drains, it would not go; the doctrine of active wrong-doing, chargeable to a municipal corporation, is well illustrated. Mr. Justice Trenchard, speaking for this court, said: "It is a rule of law of very considerable importance, and which is certainly settled

in this state, that an action will not lie in behalf of an individual who has sustained special damages from the neglect of a public corporation to perform a public duty.

"But it is also a rule of law of equal importance that the exemption of a municipal corporation from actions by individuals suffering damage from its neglect to perform or its negligence in performing public duties, whereby a public wrong is done for which an indictment will lie, does not extend to actions where the injury is the result of active wrong-doing chargeable to the corporation."

As the injury complained of did not result from any active wrong-doing chargeable to the municipality, there can be no recovery, and the judgment under review will therefore be reversed.

*For affirmance*—THE CHANCELLOR, KALISCH, BLACK, DEAR, JJ. 4.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ. 12.