ETHEL BUFFINGTON AND EDMUND BUFFINGTON, PLAIN-TIFFS, v. COUNTY OF ATLANTIC, DEFENDANT.

Decided June 19, 1933.

For the motion, *Edmund C. Gaskill, Jr.,* county counsel.

*Contra, Samuel T. French.*

JAYNE, S. C. C.  A motion is made in behalf of the defendant, county of Atlantic, to strike out the complaint filed in the above entitled action in that it fails to allege a cause of action against the defendant.  Succinctly stated, the complaint alleges that on December 12th, 1931, the plaintiff Ethel Buffington, was a passenger in an automobile traveling on Weymouth road, a public highway under the control and maintenance of the county of Atlantic, and that it was the duty of the defendant to maintain this road in a reasonably safe condition for public travel and to prevent the presence of obstructions in and upon the highway with proper warning signs or other safeguards for the protection of travelers thereon against injury from any existing dangerous condition

in the highway. It is alleged in the complaint that a large tree was situate within the boundaries of that portion of the road open for travel, and that on the night of the date mentioned, the automobile in which the plaintiff Ethel Buffington was riding collided with this tree, in which collision this plaintiff sustained bodily injuries for which she seeks damages. It is further alleged that the tree had remained at this location in the highway for more than twenty months prior to the occurrence of the collision. It is contended in behalf of the defendant that no liability on the part of the defendant arises out of the facts alleged in the complaint. It is conceded that the construction, improvement and repair of county roads are public duties of the county and not of a private or *quasi*-private nature. The rule with its exceptions relative to the liability of municipal corporations for negligence in the performance of public governmental duties is well established in this state. The following reported cases are illuminative: *Freeholders of Sussex* v. *Strader,* 18 *N. J. L.* 108; *Cooley* v. *Freeholders of Essex,* 27 *Id.* 415; *Livermore* v. *Freeholders of Camden,* 31 *Id.* 508; *Pray* v. *Jersey City,* 32 *Id.* 394; *Town of Union* ads. *Durkes,* 38 *Id.* 21; *Condict* v. *Jersey City,* 46 *Id.* 157; *Wild* v. *Paterson,* 47 *Id.* 406; 1 *Atl. Rep.* 490; *Jersey City* v. *Kiernan,* 50 *N. J. L.* 246; 13 *Atl. Rep.* 170; *Waters* v. *Newark,* 56 *N. J. L.* 361; 28 *Atl. Rep.* 717; *Hart* v. *Freeholders of Union,* 57 *N. J. L.* 90; 29 *Atl. Rep.* 490; *Kehoe* v. *Rutherford,* 74 *N. J. L.* 659; 65 *Atl. Rep.* 1046; *Bisbing* v. *Asbury Park,* 80 *N. J. L.* 416; 78 *Atl. Rep.* 196; *Karpinski* v. *South River,* 83 *N. J. L.* 149; 83 *Atl. Rep.* 639; *Jerolaman* v. *Belleville,* 90 *N. J. L.* 206; 101 *Atl. Rep.* 244; *Buckalew* v. *Freeholders of Middlesex,* 91 *N. J. L.* 517; 104 *Atl. Rep.* 308; *Doran* v. *Asbury Park,* 91 *N. J. L.* 651; 104 *Atl. Rep.* 130; *Garrison* v. *Fort Lee,* 92 *N. J. L.* 566; 106 *Atl. Rep.* 381; *Olesiewicz* v. *City of Camden,* 100 *N. J. L.* 336; 126 *Atl. Rep.* 317; *Ansbro* v. *Wallace,* 100 *N. J. L.* 391; 126 *Atl. Rep.* 426; *Johnson* v. *Board of Education of Wildwood,* 102 *N. J. L.* 606; 133 *Atl. Rep.* 301; *Murray Rubber Co.* v. *Trenton,* 103 *N. J. L.* 43; 135 *Atl. Rep.* 475; *Zboyan* v. *Newark,* 104 *N. J. L.* 258; 140 *Atl. Rep.* 225; *Callan* v. *Passaic,* 104 *N. J. L.* 643; 141 *Atl. Rep.* 778.

It has been uniformly held that, in the absence of statute, a municipal corporation, to which has been delegated by law the performance of public duties, cannot be held liable in the suit of an individual for mere negligence in the performance of those public duties, which negligence is a public wrong for which an indictment will lie. On the other hand, municipal corporations have not been exempt from liability for injury to individuals in the performance of public duties proximately caused by the active wrong-doing of the municipal corporation. Undoubtedly, the existence of a large standing tree within the boundaries of the paved portion of a public highway is such an obstruction that, in the absence of adequate warning of its presence, it might become a nuisance. The determination of this motion, therefore, depends upon the solution of the question of whether, under the facts properly alleged in this complaint, the county is beyond the range of liability under the rule expressed in *Freeholders of Sussex* v. *Strader, supra,* and kindred cases, or whether such facts if true, constitute active wrong-doing chargeable to the defendant for which the defendant even as a municipal corporation might be held liable under the authority of *Hart* v. *Freeholders of Union, supra,* and related cases.

In considering the sufficiency of the complaint, the mere allegation in the complaint of the official duties of the defendant does not in legal effect strengthen the complaint. The sufficiency of the complaint must be determined from such facts as are therein properly alleged from which the legal duty is deduced. *Marvin Safe Co.* v. *Ward,* 46 *N. J. L.* 19, 23.

Specific reference to all of the many allegations contained in this complaint is unnecessary. Many of the averments in the complaint are characterizations and statements of conclusions. From a careful reading and consideration of the entire complaint, however, it may be concluded that the complaint alleges that the road in which this tree was situate was acquired by the county in April, 1930, and that in April, 1930, the defendant improved it and so carelessly and negligently constructed and improved the road as to permit the

large tree to stand and thereafter remain within the boundaries of that part of the road to be used for public travel, and that since the improvement of the road in 1930 whereby the tree was included within the portion of the road open to the public, the defendant, although aware of the presence of this tree in the highway, failed to provide any signs, safeguards or other means of warning travelers upon the highway of the presence of this tree. These averments of fact, although not pleaded with the clarity to be desired, may, nevertheless, be gathered from the allegations contained in paragraphs 2, 3 and 4 of the complaint when read and considered in relation to each other.

It may well be that if the plaintiff could establish the fact that the county, in the construction and improvement of this road, so widened it as to include in the paved portion of the highway a large tree, and failed thereafter to provide travelers at night with a reasonable warning of the presence of the tree in that location, the county would be liable. upon the charge of active wrong-doing and positive misfeasance such as comprehended by the exception to the rule exempting municipal corporations from liability. *Cochran* v. *Public Service Electric Co.,* 97 *N. J. L.* 480; 117 *Atl. Rep.* 620; *Florio* v. *Jersey City,* 101 *N. J. L.* 535, 537; 129 *Atl. Rep.* 470.

In defending the sufficiency of the complaint, counsel for the plaintiff contends that such a factual situation is alleged and that under the complaint it is his intention to offer proof of such circumstances.

The motion to strike out the complaint will be denied.