**GIN, Appellant,**

**v.**

**YACHANIN; Venus et al., Appellees.**

[Cite as *Gin v. Yachanin* (1991), 75 Ohio App.3d 802.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 58991.

Decided Sept. 3, 1991.

*Guy V. Bozza* and *Carl G. McMahon,* for appellant.

*Michael F. Farrell,* for appellee Richard Venus.

*Jill G. Okun* and *Deborah P. Warner,* for appellee CEI.

*William R. Fanos* and *Karen Feibel Aronoff,* for appellee Dennis Horvath.

JAMES D. SWEENEY, Judge.

Plaintiff-appellant, Emily Gin, filed this appeal subsequent to the trial court's granting of motions for summary judgment by defendant-appellees Richard Venus, Dennis Horvath and Cleveland Electric Illuminating Company ("C.E.I."). For purposes of this opinion, appellant's facts will be taken as true.

On November 5, 1985, Richard Venus and Dennis Horvath were involved in an accident at the intersection of Ralph and Broadview Roads in Cleveland, Ohio. As a result, appellee Horvath's truck struck and broke a utility pole just south of Ralph Road on the west side of Broadview Road. Subsequent to

this accident, either the Cleveland Police or the Cleveland Fire Department notified C.E.I., and a repair crew was sent to the scene.

The crew repaired pole No. 337692, and restored electricity to the area. The crew also ensured that the wires on the neighboring poles were still intact.

On November 6, 1985, appellant walked from her apartment on Pleasantdale Road to St. Leo's Church for morning Mass. When she reached the intersection of Pleasantdale and Broadview Roads, she noted that the traffic light was not functioning. As she crossed Broadview Road, she was struck by a car driven by Paul Yachanin, who was travelling south on Broadview. He was aware, as well, that the traffic light was not in order.

The utility pole which supplies electricity to the traffic light at Pleasantdale and Broadview is No. 337694. There is but one pole between it and the pole which was struck the evening before by appellee Horvath.

There is an issue of fact as to whether or not the light at Pleasantdale and Broadview was working when the repair crew left on the evening of November 5, 1985. It is uncontested that the light itself was not defective.

After appellant was injured, the Cleveland police notified the Cleveland Traffic Signal Department that the light was not functioning. It was discovered that the electrical service line supplying power from C.E.I. pole No. 337694 to the traffic light was disconnected. Appellant contends this was as a result of the accident between appellees Venus and Horvath.

Appellant's first assignment of error states:

"The trial court erred in granting summary judgment to appellees Richard Venus, Dennis Horvath and C.E.I. whose negligence set in motion and combined with the negligence of others to proximately cause the reasonably foreseeable injury to appellant Emily Gin and that the summary judgment was contrary to law when the issues of proximate cause, intervening cause and foreseeability were questions for a jury to decide."

■ While it is established law that the issues of proximate cause, intervening cause and foreseeability are generally questions for the jury, the existence of duty in a negligence action is one of law for the court to determine. *Mussivand v. David* (1989), 45 Ohio St.3d 314, 544 N.E.2d 265.

■ Turning first to the accident between appellees Venus and Horvath, we examine the question of their duty toward appellant. Following an accident, the driver of a motor vehicle has a duty to stop and give his name and registration number to the other driver, and to exhibit his driver's license. The drivers must then wait for the police to arrive. R.C. 4549.02. There is no evidence that either of these two appellees failed to comply with the statute. In fact, the police and paramedics arrived, as did a C.E.I. repair crew.

We hold that appellees complied with the law by awaiting for the appropriate safety personnel to arrive. Appellees Venus and Horvath, as a matter of law, owed no duty of care to appellant and, therefore, had no duty to reasonably foresee her injuries.

Appellant's first assignment of error is not well taken.

Appellant's second assignment of error states:

"The trial court erred in granting summary judgment to appellee C.E.I. when appellee C.E.I. does owe a duty of care to the public for failure to provide electricity and electrical services to its customer the city of Cleveland whose traffic lights are directly and critically dependent on a continuous electrical supply which directly affects the safety of the public."

Appellant contends that C.E.I. is liable for her injuries because it had a duty to provide electricity to the city of Cleveland to operate the city traffic lights. It is, however, undisputed that when the C.E.I. repair crew left the scene of the Venus–Horvath accident, that the electricity was restored. It is also undisputed that it was a faulty or fallen service wire from pole No. 337694 to the traffic light that caused the light not to function. There is no duty on the part of C.E.I. to maintain or repair the city of Cleveland's service wire.

As the trial court noted:

"Courts have repeatedly held that a power and light company owes no duty to non-customers which would be breached by its failure to provide electricity to a customer. Specifically, the courts have held that when an electric company contracts with a city to provide the electricity for street lights and traffic signals, the electric company assumes no duty to the general public to provide such service. *See Arenado v. Florida Power & Light Co.* (Fla.App. 1988), 523 So.2d 628; *Shafouk Nor El Din Hamza v. Bourgeois* (La.App. 1986), 493 So.2d 112; *East Coast Freight Lines v. Consolidated Gas, Electric [Light] & Power Co.* (1946), 187 Md. 385, 50 A.2d 246; *Cochran v. Public Service Electric Co.* (App.1922), 97 N.J.L. 480, 117 A. 620; also *see generally* Annotation, *Liability of Electric Utility to Nonpatron for Interruption or Failure of Power*, 54 A.L.R.4th 667 (1987). Also in *Galloway v. Ohio Power Co.*, Case No. CA–3142, unreported, (Ct. of App. Licking Cty. 12–4–85) [1985 WL 4181], an automobile collision occurred at a time when the traffic signal was not functioning. In granting Summary Judgment to the Defendant power company the court found that the utility did not owe a duty to the plaintiff and was not bound to notify the authorities of the power outage."

Since the trial court correctly determined that C.E.I. owed no duty to the appellant, granting of summary judgment was proper.

Appellant's second assignment of error is without merit. Judgment affirmed.

*Judgment affirmed.*

DYKE, P.J., and SPELLACY, J., concur.