DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Erie County Court of Common Pleas that granted summary judgment in favor of appellee Kathryn Trippett. For the following reasons, the judgment of the trial court is affirmed.
 {¶ 2} Appellants Thomas and Karen Trippett set forth the following assignment of error:
 {¶ 3} "I. The trial court erred in ruling that no genuine issues of material fact existed and that the condition causing appellant to slip and fall was `open and obvious' as a matter of law."
 {¶ 4} On July 17, 2003, appellants filed suit alleging Thomas suffered injuries when he slipped on a bag of books as he went down the basement stairs in appellee's home. Appellee is Thomas' mother. When Thomas fell, he was carrying a portable CD player to the basement. On January 27, 2004, appellee filed a motion for summary judgment asserting that the bag of books on the stairs was an open and obvious condition. On December 1, 2005, the trial court found that no genuine issues of material fact remained and that appellee was entitled to summary judgment as a matter of law.
 {¶ 5} Appellants now assert appellee did not meet her burden of proof and the trial court erred by finding the bag of books on the stairs was an open and obvious hazard. In support, they argue that appellee provided no photographic evidence of the bags on the stairs, and that there was no evidence Thomas saw or could have seen the hazard or that the hazard was "reasonably discernable." Appellants also argue Thomas was not aware of the hazard because he had not used the stairs prior to his fall.
 {¶ 6} We note at the outset that an appellate court reviews a trial court's granting of summary judgment de novo, applying the same standard used by the trial court. Lorain Nat'l. Bank v.Saratoga Apts. (1989), 61 Ohio App.3d 127, 129; Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105, 1996 Ohio 336. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
 {¶ 7} Generally, in order to establish negligence, a plaintiff has the burden to show the existence of a duty on the part of the defendant, a breach of that duty, and that the breach proximately caused the aggrieved party's injury. Texler v. D.O.Summers Cleaners Shirt Laundry Co. (1998), 81 Ohio St.3d 677,680, 1998-Ohio-602. The issue of whether or not a duty exists in a negligence action is one of law for the court to determine.Gin v. Yachanin (1991), 75 Ohio App.3d 802, 804, citingMussivand v. David (1989), 45 Ohio St.3d 314.
 {¶ 8} Appellee does not dispute the fact that Thomas was an invitee on her premises at the time of the accident. The occupier of premises is not an insurer of the safety of her invitees, but she does owe a duty to exercise ordinary or reasonable care for their protection. Jackson v. Kings Island (1979),58 Ohio St.2d 357. The property owner merely has a duty to warn an invitee of any dangerous condition on the property known to her which the invitee should not be reasonably expected to discover on his own.Jackson, supra. Where a danger is open and obvious, a landowner or business owner owes no duty of care to individuals lawfully on the premises. Armstrong v. Best Buy Company, Inc. (2003),99 Ohio St.3d 79, at syllabus. Whether a hazard is an open and obvious condition is a matter of law to be determined by the court, and therefore, a proper basis for summary judgment. SeeArmstrong, supra.
 {¶ 9} The trial court had before it Thomas' and appellee's depositions. Thomas testified he was carrying a portable stereo into his mother's basement when he slipped and fell. He testified that as he held the stereo it blocked his view directly down the stairs; he could not see his feet. Thomas stated he had not gone into the basement that day prior to his fall. He stated that lights were on in the kitchen, which leads to the basement steps. A separate light illuminated every step going to the basement. Thomas testified he "stepped on something, felt a slipping sensation and went." He stated that he did not look to see if the stairs were clear before he started down. Thomas testified he did not know what caused him to fall although his mother later told him she had left something on the stairs. He further testified no one saw him fall.
 {¶ 10} Appellee testified she saw Thomas carrying the stereo into the house. She did not see or hear him fall. Appellee stated that earlier that day she left two plastic grocery bags containing paperback books on the edge of the stairs, several steps up from the bottom. Each bag was on a different step.
 {¶ 11} Upon review of the evidence that was before the trial court, we find that the bags of books on the stairs constituted an open and obvious condition. Appellee was not negligent as a matter of law, and the trial court properly granted her motion for summary judgment. Accordingly, appellants' sole assignment of error is not well-taken.
 {¶ 12} On consideration whereof, this court finds that substantial justice was done the parties complaining and the judgment of the Erie County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Mark L. Pietrykowski, J., William J. Skow, J., Dennis M. Parish, J., concur.